UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MATTHEW BAESE,                    )
d/b/a Plumbing Plus,              )
                                  )
        Plaintiff,                )
                                  )
    v.                            )          Case No. 4:24 CV 1687 CDP
                                  )
NATIONWIDE MUTUAL                 )
INSURANCE COMPANY, et al.,        )
                                  )
        Defendants.               )

## MEMORANDUM AND ORDER

Upon careful review of plaintiff Matthew Baese's Motion for Leave to
Amend Complaint and defendants' opposition thereto, I conclude that the claims
raised in the proposed amended complaint fail to state a claim upon which relief
can be granted.  I will therefore deny Baese leave to file his proposed amended
complaint given its futility.  As Baese has failed to cure the deficiencies of the
claims that remain in the original petition, I will grant defendants' motion to
dismiss those claims.  As a result, this case is dismissed in its entirety.

### Legal Standards

Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), the Court has discretion to
grant leave to amend a complaint and should freely do so "when justice so

requires." Denial of leave to amend is appropriate in limited circumstances where the motion to amend was filed in bad faith, with dilatory motive, or with undue delay; where leave to amend would be unduly prejudicial to the opposing party; or where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hillesheim v. Myron's Cards & Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018). An amendment is futile if it cannot withstand a Rule 12(b)(6) motion to dismiss. *Hillesheim*, 897 F.3d at 955. Defendants invoke Rule 12(b)(6) here and argue that Baese's proposed amended complaint fails to state a claim upon which relief can be granted and that amendment is therefore futile. My futility analysis is therefore guided by the legal standard that governs Rule 12(b)(6) motions to dismiss. *See Northland Parent Ass'n v. Excelsior Springs Sch. Dist. #40*, 571 F. Supp. 3d 1104, 1109 (W.D. Mo. 2021); *Mitchell v. Wells Fargo Co.*, No. 4:24 CV 377 CDP, 2024 WL 3580938, at *1 (E.D. Mo. July 30, 2024).

<u>Motion to Dismiss</u>

For Baese's proposed amended complaint to survive Rule 12(b)(6) scrutiny, it "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Legal conclusions couched as factual allegations are not taken as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 677-78. I must liberally construe the complaint and

grant all reasonable inferences in Baese's favor.  *Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020).

The requirement of facial plausibility means that the factual content of the complaint's allegations must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678) (alteration in *Park Irmat*).  Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

## Background

Plaintiff Matthew Baese filed this action in Missouri state court on October 3, 2024, raising various claims arising out of defendants Nationwide Mutual Insurance Company's and Allied Insurance Company of America's actions taken in relation to an investigation of a fire that occurred on October 4, 2019, at an apartment building they insured in Maplewood, Missouri.  The damage to the building exceeded more than $1 million.  In his state-court petition, Baese brought claims of defamation (Count I), injurious falsehood (Count II), intentional infliction of emotional distress (Count III), and negligent infliction of emotional distress (Count IV).

On December 13, 2024, defendants removed the case to this Court on the

basis of diversity jurisdiction under 28 U.S.C. § 1332, and they promptly moved to dismiss Baese's four-count petition.  In response, Baese requested to dismiss his claims of defamation and intentional infliction of emotional distress and alluded to filing an amended complaint on his claim of negligent infliction of emotional distress.  In a Memorandum and Order entered January 23, 2025, I granted Baese's request to dismiss Counts I and III of his state-court petition and directed that any motion to amend his pleading must comply with the relevant rules.  (ECF 14.)  As a result, Counts II and IV of the petition remained before the Court, and defendants' motion to dismiss remained pending.

Baese now moves for leave to file an amended complaint in which he raises a new claim of negligence and reasserts his claims of injurious falsehood and negligent infliction of emotional distress.  Defendants oppose the motion on the basis of futility.  Baese did not file a reply brief to address defendants' arguments, and the time to do so has passed.

In his proposed amended complaint, Baese alleges that within three days of the fire, on October 7, 2019, Allied – acting at the request and on behalf of Nationwide – completed a Subrogation Referral Form wherein it stated that Baese's negligence caused the fire.  Baese asserts that Allied reached that conclusion before a formal fire investigation was conducted and before a formal written fire investigation report was produced.  Baese claims that after Allied

provided the Subrogation Form to Nationwide, Nationwide paid the building owner for the damage caused by the fire and thereafter brought a subrogation action against Baese and his plumbing company for damages caused by the fire. That subrogation case was filed on April 15, 2020.

Baese asserts that if Nationwide and Allied had conducted a proper investigation into the fire, they would have learned that neither he nor his plumbing company was involved with any work performed at the apartment building and, further, that the person responsible for the work that allegedly gave rise to the fire obtained work permits under false pretenses (with the building owner's knowledge) by using Baese's and/or his plumbing company's name to secure the permits. Baese further alleges that even after learning that he and his company were not involved in the work at the building and that the permits were fraudulently obtained by others, defendants nevertheless continued in their litigation against him, made misrepresentations and harmful statements to third parties regarding his alleged role in the fire, and harassed him with collection attempts.

Baese claims that because of defendants' conduct, he has expended time and attorney's fees defending the subrogation action and has suffered lost business opportunities, harm to his credibility as a licensed plumber, emotional distress, and impaired personal and professional relationships. His  proposed amended

complaint asserts three claims against the defendants: negligence (Count I), injurious falsehood (Count II), and negligent infliction of emotional distress (Count III). Defendants contend that Baese's attempt to file the proposed amended complaint is futile as none of the claims state a claim upon which relief can be granted. For the following reasons, I agree.

## Discussion

Count I – Negligence

In Count I of his proposed amended complaint, Baese asserts that defendants' role in the subrogation claim process "should have included assessing the fire in a timely, thorough, complete, well-documented, and fair manner and gathering evidence." (ECF 18, Prop. Amd. Comp. at ¶ 86.) Baese further asserts that defendants' subrogation process "should have included conducting a formal fire investigation and obtaining written Fire Investigation Reports[.]" (*Id.* at ¶ 87.) Baese claims defendants "had a duty to exercise reasonable care in performing these services." (*Id.* at ¶ 88.)

To prove his claim of negligence under Missouri law, Baese must establish that the defendants had a duty to protect him from injury, that they failed to perform that duty, and that that failure proximately caused his injury. *Brown v. Davis*, 813 F.3d 1130, 1136 (8th Cir. 2016). Whether defendants owed a duty to Baese is a question of law to be decided by the Court. *Hansen v. Ritter*, 375

S.W.3d 201, 208 (Mo. Ct. App. 2012).  In determining the existence of a duty, "the common denominator that must be present is the existence of a relationship between the plaintiff and defendant that the law recognizes as the basis of a duty of care." *Emmons v. Bridgestone Americas Tire Operations, LLC*, No. 1:10CV41 JAR, 2012 WL 6200411, at \*5 (E.D. Mo. Dec. 12, 2012) (cleaned up).  "Where no duty is indicated by Missouri statute, case law, or otherwise, a fundamental prerequisite to establishing negligence is absent." *Id.* (quoting *Ford v. GACS, Inc.*, 265 F.3d 670, 682 (8th Cir. 2001)).

An insurer may owe its insured a duty to investigate based on the contract between them.  *See*, *e.g.*, *Pitt v. Leonberger*, 528 S.W.3d 1, 13 (Mo. Ct. App. 2017) (duty based on contract).  But an insurer generally owes no duty to parties with whom it does not have a contractual relationship.  *See Hardcore Concrete, LLC v. Fortner Ins. Servs., Inc.*, 220 S.W.3d 350 (Mo. Ct. App. 2007).  While Baese's claim here asserts negligence and is not based on a *contractual* duty, I nevertheless am not aware of any authority under Missouri law – by statute, case law, or otherwise – that imposes a duty upon an insurer to its insured's alleged tortfeasor in relation to its investigation of a subrogation claim against him.  *Cf. Megown v. Auto Club Fam. Ins. Co.*, 687 S.W.3d 189, 193 (Mo. Ct. App. 2024) ("insured's tortfeasor [is] a thirty party to whom the insurer owed no duty").  Nor does Baese cite to any such law.

Because Baese's negligence claim does not identify a legally recognized duty, and Baese fails to cite to any Missouri law imposing the duty he asserts, Baise has failed to state a claim of negligence upon which relief may be granted. *See Thornburg v. Federal Express Corp.*, 62 S.W.3d 421, 427 (Mo. Ct. App. 2001).

Count II – Injurious Falsehood

Under Missouri law, an action for injurious falsehood must be brought within two years after the cause accrued. Mo. Rev. Stat. § 516.140 (2014). As Baese brought this case on October 3, 2024, his cause of action for injurious falsehood must have accrued on or after October 3, 2022, to be considered timely.

A cause of action is deemed to accrue when the damages resulting from the alleged wrong is sustained and capable of ascertainment. Mo. Rev. Stat. § 516.100; *City of N. Kansas City v. Archer Daniels Midland Co.*, 575 S.W.3d 270, 275-76 (Mo. Ct. App. 2019). Baese's proposed amended complaint, the exhibits attached thereto, and the public record of the underlying subrogation action[1] conclusively show that Baese's claim for injurious falsehood accrued long before October 3, 2022, and at least as early as May 2021 based on the representations made in a letter to Baese's attorney summarizing Baese's assertion that the

---

[1] When conducting an analysis under Rule 12(b)(6), I consider the allegations of the complaint as well as exhibits attached thereto. Fed. R. Civ. P. 10(c). I may also consider matters of public record. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018); *Ryan v. Ryan*, 889 F.3d 499, 505 (8th Cir. 2018).

subrogation action was fraudulently brought.  (ECF 18-3, Exh. 2 to Prop. Amd. Compl.)

As Baese failed to bring his claim of injurious falsehood within the time prescribed by Missouri law, his attempt to pursue the claim now is futile.

Count III – Negligent Infliction of Emotional Distress

To state a claim for negligent infliction of emotional distress under Missouri law, Baese must plead the general elements of negligence – that is, legal duty, breach of duty, and proximate cause of injury – as well as two additional elements – that the defendants should have realized that their conduct involved an unreasonable risk of causing distress, and that the emotional distress or mental injury must be medically diagnosable and of sufficient severity so as to be medically significant.  *Couzens v. Donohue*, 854 F.3d 508, 518 (8th Cir. 2017). Defendants argue that Baese's claim of emotional distress is based on the same alleged negligent failure to conduct a proper investigation as raised in Count I, which Missouri law does not recognize; and, further, that the claim is premised on defendants' alleged untrue statements and misrepresentations, which can proceed only as a claim for defamation, *see Monroe v. CMMG, Inc.*, No. 2:15-cv-04172-NKL, 2015 WL 9581853, at *9 (W.D. Mo. Dec. 30, 2015), which itself would be time-barred in this action under Mo. Rev. Stat. § 516.140.

Aside from defendants' alleged negligent failure to investigate and alleged

- 9 -

false statements – which, for the reasons stated above, do not give rise to actionable claims in this case – Baese asserts that he suffered emotional distress by defendants' continued pursuit of the subrogation action against him and attempted collection efforts despite their having obtained evidence showing that Baese and his plumbing company had nothing to do with the work performed at the apartment building, let alone work that gave rise to the fire. But Baese does not identity any *duty* of which that alleged conduct runs afoul. A general assertion that defendants engaged in injurious actions does not describe a legally recognizable duty. *Couzens*, 854 F.3d at 518.

As Baese has not provided any basis demonstrating that defendants owed him a legally cognizable duty, Baise has failed to plead a plausible case of negligent infliction of emotional distress. *Cf. Brown v. Circle*, No. 2:19-cv-04135-NKL, 2019 WL 6720499, at *4 (W.D. Mo. Dec. 10, 2019).

Accordingly, none of Baese's claims asserted in his proposed amended complaint state a claim upon which relief can be granted. I will therefore deny his motion for leave to amend as futile. As a result, Counts II and IV of Baese's original state-court petition remain before the Court.

<u>Motion to Dismiss Original Petition</u>

Baese's claims of injurious falsehood and negligent infliction of emotional distress set out in Counts II and IV of the original petition are deficient for the

same reasons set out above in relation to those claims in the proposed amended complaint. I will therefore grant defendants' motion to dismiss those claims under Rule 12(b)(6) for failure to state claim. Because Baese has already dismissed the claims raised in Counts I and III of his original petition, defendants' motion to dismiss those claims is moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Matthew Baese's Motion for Leave to Amend Complaint [18], as amended [19], is **DENIED**.

**IT IS FURTHER ORDERED** that defendants Nationwide Mutual Insurance Company and Allied Insurance Company of America's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) [7] is **DENIED as moot** as to Counts I and III of plaintiff's original state-court petition, and **GRANTED** as to Counts II and IV of the state-court petition.

As all claims from the original petition have now been dismissed, and plaintiff has been denied leave to amend his complaint, this case is now closed. A separate Order of Dismissal is entered this date.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of April, 2025.